UNITED STATES of America,
Plaintiff–Appellee,

v.

Adislado Parades ROSALES,
Defendant–Appellant.

No. 90–10068.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided Oct. 30, 1990.

H. David Grunbaum, Asst. Federal Public Defender, San Jose, Cal., for defendant-appellant.

Anna A. Matheson and Rory K. Little, Asst. U.S. Attys., Chief, Appellate Section, San Jose, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, BROWNING and RYMER, Circuit Judges.

GOODWIN, Chief Judge:

Adislado Rosales appeals his sentence upon his guilty plea to misprision of a felony (distribution of heroin) in violation of 18 U.S.C. § 4. He contends that the district court erred in not reducing his base offense level for acceptance of responsibility and in considering the total amount of heroin involved in the underlying felony in setting his base offense level. We affirm the sentence.

DEA agent Pete Ramirez made arrangements with codefendant Enrique Mendez Pineda (Mendez) to purchase ten ounces of heroin for $22,000. Ramirez and Mendez agreed to conduct the transaction on May 23, 1989, in the parking lot in front of a Pay N' Save store in San Jose, California.

At the designated time and place, Mendez, accompanied by Rosales and another passenger, drove a pickup truck into the parking lot. Mendez met with Ramirez, who gave Mendez the $22,000. After counting the money, Mendez agreed to let Ramirez accompany him to the pickup truck to retrieve the heroin. Upon reaching the passenger side of the vehicle, where Rosales was sitting, Ramirez asked Rosales to show him the "thing". Rosales retrieved a grocery bag containing 230 grams of heroin. Mendez obtained the bag of heroin and walked with Ramirez to his vehicle. At the same time, Rosales drove and parked the pickup truck near Ramirez's vehicle. Ramirez gave the arrest signal to surveillance units, and Mendez was arrested.

Meanwhile, as the arresting agents arrived, Rosales attempted to drive away in the pickup truck. Following a vehicle and foot chase, Rosales was arrested and taken into custody.

Rosales was indicted on one count each of conspiracy to possess heroin and possession of heroin, and entered a plea of not guilty. A superseding indictment was subsequently returned. The charges against Rosales remained the same, and he again entered a plea of not guilty.

On October 11, 1989, a one-count information was filed charging Rosales with misprision of a felony (distribution of heroin) in violation of 18 U.S.C. § 4. He waived indictment by grand jury and pleaded guilty to the information.

A presentence report (PSR) was filed with the district court on December 4, 1989. Prior to the sentencing hearing, Rosales filed written objections to the PSR, arguing in part that he was entitled to a sentence reduction for acceptance of responsibility and that the PSR improperly calculated his base offense level of 17 on the basis of the entire amount of heroin contained in the bag.

The PSR calculated Rosales's base offense level of 17 in the following manner: The base offense level for misprision of a felony is nine levels lower than the offense level for the underlying offense. United States Sentencing Guidelines (U.S.S.G.) § 2X4.1. The base offense level for the underlying offense, possession with intent to distribute 230 grams of heroin, is 26, U.S.S.G. § 2D1.1(c)(9), and thus the adjusted offense level for misprision is 17. The PSR recommended no offense level reduction for acceptance of responsibility.

At the sentencing hearing, Rosales reiterated his objections to the PSR. The district court accepted the PSR's determination that the base offense level was 17, and sentenced Rosales to 24 months of imprisonment and one year of supervised release.

1. Acceptance of Responsibility

■ At the outset, Rosales argues that the district court made inadequate findings under the Guidelines in denying him a two-point reduction in his offense level for acceptance of responsibility. He also contends that the district court's failure to

make specific findings violated Fed.R. Crim.P. 32(c)(3)(D). Neither has merit.

In resolving objections to the presentence report, "the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged." *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990). The district court satisfies the above requirement by adopting the conclusions in the PSR. *United States v. Corley*, 909 F.2d 359, 362 (9th Cir.1990); *Rigby*, 896 F.2d at 394.

Here, there were no substantial factual disputes. The district court, for more than a month before the sentencing hearing, had Rosales's PSR, which recommended against an offense level reduction for acceptance of responsibility. The district court also had the benefit of Rosales's written objections to the PSR challenging the denial of an offense level reduction for acceptance of responsibility.

At the sentencing hearing, Rosales's counsel argued that Rosales was entitled to a two-point reduction for acceptance of responsibility. The government argued that the PSR should be followed. The district court accepted the government's position that the sentencing recommendation in the PSR should be followed, and proceeded to sentence Rosales in accordance with the base offense level of 17 calculated by the PSR. By adopting the PSR and its recommendations, the district court thereby denied Rosales a two-point offense level reduction for acceptance of responsibility. *See Corley*, 909 F.2d at 362 (district court made adequate findings in denying an offense level reduction for acceptance of responsibility where the district court indicated its acceptance of the government's position that the offense level reduction should not be granted and proceeded to sentence the defendant in accordance with the PSR's recommendations.) As in *Corley*, " '[t]he record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided.' " *Corley*, 909 F.2d at 362 (quoting *Rigby*, 896 F.2d at 394).

■ We reject on similar grounds Rosales's argument that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D). The district judge was presented with the PSR and Rosales's written objections to the PSR, gave Rosales an opportunity to argue at sentencing why he should receive the reduction for acceptance of responsibility, and adopted the presentence report's recommendation. No more was required under rule 32(c)(3)(D). *See id.* at 362 (rejecting defendant's claim that the district court violated Rule 32(c)(3)(D) where it had the defendant's PSR before it, asked defendant's counsel whether there were any misstatements of fact in the PSR, and sentenced the defendant in accordance with the PSR's recommendations).

Rosales next contends that the district court erred in refusing to reduce his base offense level for acceptance of responsibility. There was no error.

■ Whether a defendant has accepted responsibility for a crime is a question of fact which this court reviews for clear error. *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's determination will not be disturbed "unless it is *without foundation*." *United States v. Smith*, 905 F.2d 1296, 1301 (9th Cir.1990) (emphasis in original) (quoting U.S.S.G. § 3E1.1, Application Note 5).

A defendant is entitled to an offense-level reduction "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1. The defendant has the burden of showing acceptance of responsibility. *United States v. Howard*, 894 F.2d 1085, 1090 n. 4 (9th Cir.1990).

■ Rosales argues that he is entitled to the offense level reduction for acceptance of responsibility because he pleaded guilty immediately upon the filing of the information charging him with misprision of a felony.

While "[a] guilty plea may provide some evidence of the defendant's acceptance of responsibility, ... it does not, by itself, entitle a defendant to a reduced sen-

tence...." U.S.S.G. § 3E1.1, Application Note 3. Here, Rosales pleaded guilty only after the original charges against him were reduced to misprision. Pleading to a reduced charge does not necessarily demonstrate an acceptance of responsibility. It is at least equally possible that the defendant has made a clever bargain. At no time did Rosales express remorse for his conduct.[1] Accordingly, the district court properly denied Rosales an offense level reduction for acceptance of responsibility.

### 2. Amount of Heroin Used to Calculate Base Offense Level

■ Rosales contends that the district court misapplied the guidelines in calculating his base offense level on the basis of the entire amount of heroin (230 grams) in the bag that he transferred to Mendez. He does not deny that he knew the bag contained drugs or that the bag contained 230 grams of heroin; he denies only that he did not know the amount of heroin in the bag and thus should not have been sentenced for misprision of the felony of possession with intent to distribute heroin on the basis of the entire amount. The exact number of grams was irrelevant to his intent.

U.S.S.G. § 1B1.3, Application Note 1, which details the relevant conduct to be considered in determining the offense level for misprision, explains that relevant conduct "includes all conduct relevant to determining the offense level for the underlying offense (here, distribution of heroin) that was known, or reasonably should have been known, by the defendant." Knowledge of the quantity of heroin is not an element of distribution of heroin, nor is it relevant in determining the base offense level for distribution of heroin. *See* 21 U.S.C. § 841; U.S.S.G. § 2D1.1 (calculating the offense level on the basis of the quantity and weight of the drugs in question); *United States v. Klein*, 860 F.2d 1489, 1494–95 (9th Cir.1988) (knowledge of the amount of cocaine is not an element of the crime of distribution of over 500 grams of cocaine). Because the relevant conduct for misprision includes only *"conduct relevant to determining the offense level for the underlying offense* that was known, or reasonably should have been known by the defendant," U.S.S.G. § 1B1.3, Application Note 1 (emphasis added), and the defendant's knowledge of the amount of heroin is irrelevant in determining the offense level for distribution of heroin, U.S.S.G. § 2D1.1, the defendant's knowledge of the amount of heroin similarly is irrelevant in determining the offense level for misprision of the felony of distribution of heroin.

Accordingly, the sentence is AFFIRMED.

---

1. Rosales's counsel conjectures that Rosales failed to clearly accept responsibility due to a language barrier. At the plea hearing, however, the district court specifically asked Rosales whether he understood his interpreter and he responded in the affirmative.