951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Miguel Angel GARCIA-GALINDO, Defendant-Appellant.
 No. 91-50129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1991.
Decided Dec. 12, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miguel Angel Garcia-Galindo ("Garcia-Galindo"), after he was convicted for importation of marijuana, was denied a two-point reduction in his score under the U.S. Sentencing Guidelines ("Guidelines") for playing a minor role in the crime. Garcia-Galindo appeals this denial.
 
 
 3
 Garcia-Galindo argues he was entitled to a two point decrease for being a minor participant in the crime. The reduction would be provided by Guidelines § 3B1.2(b) ("[i]f the defendant was a minor participant in any criminal activity, decrease by 2 levels").
 
 
 4
 In the instant case, Garcia-Galindo admitted in his presentence report that he recruited his cousin to drive a truck with twenty-four packages of marijuana across the Mexican boarder. As the government pointed out, this could have resulted in an upward adjustment for a leadership role. See Guidelines § 3B1.1(c). Moreover, a downward adjustment is to be applied infrequently. United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990) (quoting United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam)). "The guidelines did not intend for every defendant who was less culpable than his codefendants to be granted minor participant status." Andrus, 925 F.2d at 337. In general, "courier status alone does not require a role reduction." United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). Since minor participant status adjustment requires comparing defendants against each other, Andrus, 925 F.2d at 938, and Garcia-Galindo was clearly more culpable than his cousin, and more culpable than the average participant in such a crime, it was not error for the district court to refuse to grant Garcia-Galindo minor participant status.
 
 
 5
 Garcia-Galindo argues that his due process rights were violated because the district court failed to articulate its reasons for denying him a downward adjustment. This argument has no merit.
 
 
 6
 The sequence of events at the sentencing hearing in the instant case puts the instant case on all fours with United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) and United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990), both of which held that it is sufficient if the court reads the objections to the presentence report, gives the defendant opportunity to say why he should get a reduction in his sentence, and then states that the level reduction should not be granted. All were done in the instant case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3