951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus GARCIA-LOPEZ, Defendant-Appellant.
 No. 89-50642.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 12, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Garcia-Lopez appeals his sentence, following a conviction on a guilty plea for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a user of a controlled substance, in violation of 21 U.S.C. § 922(g). Garcia-Lopez contends that the district court erred by denying his request to award a two point reduction of his offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 "Whether or not a defendant has accepted responsibility for his crime is a factual determination we review for clear error." United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991). "The district court's determination will not be disturbed 'unless it is without foundation.' " United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1991) (quoting U.S.S.G. § 3E1.1, comment n. 5) (1990)).[1]
 
 
 4
 U.S.S.G. § 3E1.1 permits a two level reduction for acceptance of responsibility if the defendant " 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991) (citation omitted). "[S]ection 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty." United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991); U.S.S.G. § 3E1.1(c). A defendant must sincerely manifest remorse or contrition to receive a reduction for acceptance of responsibility. Id. Where no additional evidence is presented to show an indication of remorse for the underlying offense of the conviction, a defendant's refusal to discuss his case with a probation officer supports the denial of a downward adjustment for acceptance of responsibility. United States v. Skillman, 922 F.2d 1370, 1378-1379 (9th Cir.1990).
 
 
 5
 Here, although Garcia-Lopez pled guilty to the underlying offenses, he initially denied any knowledge when questioned by police. After giving the police varying stories, Garcia-Lopez admitted some culpability. Upon the advice of his counsel, Garcia-Lopez refused to speak with the probation officer. At sentencing, Garcia-Lopez said only "I want to apologize and that's it" (SER at 35).
 
 
 6
 Garcia-Lopez's initial accounts of his involvement in the offenses did not show sincere contrition in the opinion of the district court. This finding was not clearly erroneous. See Ramos, 923 F.2d at 1360. Because Garcia-Lopez refused to speak with the probation officer, there was no subsequent indication of remorse. See Skillman, 922 F.2d at 1379.
 
 
 7
 Thus, we hold that the district court did not err by determining that Garcia-Lopez was not entitled to a two point reduction of his offense level for acceptance of responsibility. See Skillman, 922 F.2d at 1379; Ramos, 923 F.2d at 1360-61.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G. § 3E1.1, comment. n. 5 was amended effective November 1, 1990, to eliminate the language quoted above in Rosales. However, the language quoted in Rosales was controlling at the time sentence was imposed on Kellum on September 24, 1990. See United States v. Turner, 898 F.2d 705, 709 n. 1 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990) (citing 18 U.S.C. § 3553(a)(4) and (5) which provide that the Guidelines "in effect on the date the defendant is sentenced" are to be applied).