959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CISNEROS-CALDERON, Defendant-Appellant.
 No. 90-10300.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Cisneros-Calderon appeals from his sentence, imposed following conviction after jury trial, for conspiracy to possess and possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Cisneros-Calderon contends that the district court erred in its calculation of his sentencing range under the United States Sentencing Guidelines by (1) finding him to be a leader or organizer in the criminal activity rather than a minimal participant, and (2) denying him an offense level reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error the district court's determination of a defendant's role in the offense. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991). Similarly, the district court's decision that a defendant has not accepted responsibility for his actions is a factual finding reviewed for clear error. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). Explicit acceptance of the probation officer's recommendations is a sufficiently specific finding of fact. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 4
 The district court can rely on a defendant's significant degree of control over contraband to adjust upward his base offense level for a leadership role. See, e.g., United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990). The defendant must prove his minor role by a preponderance of evidence to warrant a downward adjustment, see United States v. Sanchez, 908 F.2d 1443, 1449 (9th Cir.1990), and the district court is entitled to discount the defendant's own self-serving statements, see, e.g., United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990). To receive a two-level downward adjustment for acceptance of responsibility, the defendant must show contrition for the criminal act. Ramos, 923 F.2d at 1360 (defendant's minimalist description of his involvement in the offense not sufficient for downward adjustment); see also U.S.S.G. § 3E1.1.
 
 
 5
 Here, Cisneros-Calderon was indicted for participation in a cocaine distribution conspiracy. Although he pleaded not guilty and claimed ignorance of the conspiracy, the jury heard testimony from an undercover Drug Enforcement Agency (DEA) agent that Cisneros-Calderon appeared to be the conspiracy member responsible for actually obtaining the cocaine and appeared to "take charge" of the transaction. Following his conviction, Cisneros-Calderon continued to deny any participation in the offense.
 
 
 6
 The presentence report (PSR) recommended a two-level upward adjustment for a leadership role pursuant to U.S.S.G. 3B1.1(c) because Cisneros-Calderon appeared to be responsible for the cocaine and the actual sale, while other participants merely introduced the undercover agent to him. The PSR also denied a downward adjustment for acceptance of responsibility because Cisneros-Calderon never admitted his criminal conduct. At sentencing, Cisneros-Calderon argued for a finding that he in fact had played a minimal role in the offense, contending that the undercover DEA agent had confused him with one of his codefendants. He accepted responsibility for his presence at the house during the drug sale, but continued to deny any knowledge of the transaction.
 
 
 7
 The district court explicitly accepted the PSR's recommendation as to the calculation of the Guidelines range, but gave Cisneros-Calderon's arguments enough weight to warrant a sentence at the bottom of the range. Based on these facts, the district court did not clearly err by finding that Cisneros-Calderon played a leadership rather than a minimal role in the offense,[1] see Carvajal, 905 F.2d at 1296, and failed to accept responsibility for his actions, see Ramos, 923 F.2d at 1360.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cisneros-Calderon's self-serving description of his role was expressly contradicted by the DEA agent's testimony at trial
 
 
 [2]
 Cisneros-Calderon contends that the district court erroneously denied him the acceptance of responsibility adjustment based solely on the fact that he had pleaded not guilty and gone to trial. Although the district court did state at the beginning of the hearing that "[Cisneros-Calderon] didn't plead guilty, so he isn't eligible" for a downward adjustment, the district court went on to hear argument on the section 3E1.1 adjustment and then accepted the PSR's recommendation against it. Furthermore, as Cisneros-Calderon continued to deny his guilt even at the sentencing hearing, the district court clearly did not err by denying the adjustment. See United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) (defendant who continues to claim innocence after conviction not entitled to downward adjustment), cert. denied, 112 S.Ct. 353 (1991); U.S.S.G. § 3E1.1