967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert PITNER, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
David M. HANSON, Defendant/Appellant.
 Nos. 90-10299, 90-10318.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided July 8, 1992.
As Amended Nov. 2, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and BURNS,* Senior District Judge.
 
 
 2
 MEMORANDUM DISPOSITION**
 
 
 3
 Pitner and Hanson appeal their convictions and sentences. Both defendants contend the district court erred by failing to instruct the jury properly regarding knowledge and willfulness, mens rea elements of the crimes for which they were convicted. See 31 U.S.C. §§ 5322(b) and 5324(3). Pitner also contends the evidence was insufficient to sustain his conviction because the government's evidence did not establish that he had knowledge of the bank's currency reporting requirement or that he intended to evade that requirement. These related issues will be addressed in a separate opinion.
 
 
 4
 Pitner and Hanson also appeal the district court's denial of their motions to sever,[1] the district court's failure to grant defendants a two-point offense level reduction for acceptance of responsibility, and the district court's alleged failure to comply with Fed.R.Crim.P. 32(c)(3)(D) at both sentencings. In addition, Hanson contends the prosecutor committed misconduct by eliciting prejudicial testimony concerning other fraudulent conduct allegedly engaged in by Hanson and concerning Hanson's wealth. We affirm the district court on all issues except those deferred as noted above.
 
 BACKGROUND
 
 5
 Pitner was convicted by a jury on one count of willfully structuring transactions with one or more financial institutions in violation of 31 U.S.C. § 5324(3). Hanson was convicted by a jury on four counts of violating 31 U.S.C. §§ 5324(3) and 5322(b).
 
 
 6
 On June 20, 1990, judgment was entered sentencing Hanson to thirty months imprisonment, a three-year term of supervised release, and a fine of $5,000. On June 27, 1990, an amended judgment was entered sentencing Pitner to three years probation with three months in a halfway house or under electronic home detention to be determined by the probation officer, and a fine of $10,000.[2]
 
 DEFENDANTS' CLAIMS
 Motions to Sever
 
 7
 Pitner and Hanson appeal the district court's denial of their motions for severance under Fed.R.Crim.P. 8(b).
 
 
 8
 "[J]oinder of charges against multiple defendants is permissible only if the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.' " United States v. Sanchez-Lopez, 879 F.2d 541, 550 (9th Cir.1989) (citing Fed.R.Crim.P. 8(b)). We construe Rule 8(b) liberally in favor of initial joinder. Id. at 551. Charges that are logically interrelated and overlapping are properly joined. See United States v. Felix-Gutierrez, 940 F.2d 1200, 1208-09 (9th Cir.1991) (joinder proper where the conduct charged against defendant and codefendants occurred over a brief period, involved the same individuals, and had overlapping proof). Misjoinder of charges under Fed.R.Crim.P. 8 is a question of law, which this court reviews "independently and non-deferentially." Sanchez-Lopez, 879 F.2d at 550.
 
 
 9
 The indictment charging Pitner and Hanson alleged there was a close working relationship between various defendants; defendants' conduct occurred over a brief period; money paid to Pitner and Hanson was provided by a codefendant, a business associate of a codefendant, and/or another employee of a codefendant's employer; the conduct involved many of the same individuals; and the proof overlapped in many areas. The district court acknowledged the question of severance was a close one. We agree, however, with the district court's conclusion that the charges were logically interrelated and overlapping; therefore, the district court did not err when it denied defendants' Rule 8(b) motions to sever.
 
 
 10
 Charges against multiple defendants that are properly joined under Rule 8(b) may, nevertheless, result in prejudice to a defendant. Fed.R.Crim.P. 14. We review a motion for severance under Rule 14 for abuse of discretion. Sanchez-Lopez, 879 F.2d at 551. The district court has wide discretion in ruling on a severance motion. United States v. Vaccaro, 816 F.2d 443, 449 (9th Cir.), cert. denied, 484 U.S. 928 (1987).
 
 
 11
 Neither Pitner nor Hanson specifically invoked Rule 14 in their briefs; however, each claimed prejudice from joinder on the basis of Rule 14 in the lower court; each renewed his motion to sever at the close of evidence as required to preserve an appeal on the basis of prejudicial joinder, Sanchez-Lopez, 879 F.2d at 551; and each claimed prejudice from joinder in his appellate brief. We, therefore, address this issue.
 
 
 12
 The party seeking reversal of a decision denying a Rule 14 motion for severance carries the burden of showing he received an unfair trial as a result of the prejudicial joinder and that the prejudice outweighed the concern for judicial economy. See Feliz-Gutierrez, 940 F.2d at 1209. See also Vaccaro, 816 F.2d at 448-49. After reviewing the record, we are not persuaded by defendants' arguments that they were denied a fair trial as a result of joinder. We find, therefore, the district court did not abuse its discretion when it denied defendants' Rule 14 motions to sever.
 
 Sentencing
 
 13
 Pitner and Hanson contend the district court erred when it denied each of them an offense level reduction for acceptance of responsibility. Defendants also contend the district court failed to comply with Fed.R.Crim.P. 32, which requires the sentencing court to state reasons for its findings on controverted facts found in the PSR.
 
 
 14
 Whether a defendant has accepted responsibility is a factual issue, which we review for clear error. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). We review the district court's determination with great deference and will not disturb its determination on appeal unless it is found to be without foundation. United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). See also United States Sentencing Guidelines (U.S.S.G.) § 3E1.1, Application Note 5.
 
 
 15
 A downward adjustment for acceptance of responsibility is warranted if defendant clearly demonstrates an acceptance of personal responsibility for his conduct. U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is not a matter of right whenever a defendant pleads guilty. Ramos, 923 F.2d at 1360. See also U.S.S.G. § 3E1.1(c). A defendant must sincerely manifest remorse to receive a reduction for acceptance of responsibility. Ramos, 923 F.2d at 1360.
 
 
 16
 At sentencing, Hanson objected to the probation officer's recommendation that the court decline to award him a two-point offense level reduction for acceptance of responsibility. The district court expressly adopted the probation officer's recommendations as set forth in the Presentence Report (PSR). Although specific findings of fact by the court are to be encouraged, United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990), the district court's adoption of the recommendations found in the PSR satisfies the requirements of Fed.R.Crim.P. 32. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990). We find, therefore, the district court did not err when it declined to give Hanson a two-point offense level reduction for acceptance of responsibility. We also find the district court complied with Fed.R.Crim.P. 32.
 
 
 17
 Pitner also objected to the probation officer's recommendation that the court decline to award him a two-point offense level reduction for acceptance of responsibility. The court did not award Pitner the two-point reduction. After reviewing the record, we find, however, the district court failed to state its findings regarding Pitner's objections to the PSR recommendation relating to acceptance of responsibility or, in the alternative, to explicitly adopt the recommendations found in the PSR. Strict compliance with Rule 32 is required. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990). We find, therefore, the district court erred when it failed to strictly comply with Fed.R.Crim.P. 32 as required.
 
 Prosecutorial Misconduct
 
 18
 Hanson contends the prosecutor committed misconduct by eliciting prejudicial testimony concerning other fraudulent activity allegedly engaged in by Hanson even though the parties had agreed pretrial that questions geared to reveal this information would be excluded. Hanson also contends the prosecutor committed misconduct when he persistently quizzed Hanson about his wealth, earnings, and investments.
 
 
 19
 When prosecutorial misconduct is claimed, this court first considers whether error was committed. United States v. Toomey, 764 F.2d 678, 681 (9th Cir.1985), cert. denied, 474 U.S. 1069 (1986). If error was committed, we weigh whether "it is more probable than not that the error materially affected the verdict." Id. See also United States v. Tham, 665 F.2d 855, 860-61 (9th Cir.1981), cert. denied, 456 U.S. 944 (1982) (improper question by prosecutor insufficient to show prejudice against defendant to the extent of requiring a new trial); United States v. Berry, 627 F.2d 193, 196-98 (9th Cir.1980), cert. denied, 449 U.S. 1113 (1981) (improper argument by prosecutor cured by trial court's instructions).
 
 
 20
 When reviewing the cumulative prejudicial effect of several alleged errors, we determine whether the errors materially affected the jury's verdict in light of the strength of the government's evidence. United States v. Nadler, 698 F.2d 995, 1002 (9th Cir.1983). "[T]he stronger the prosecution's case, the less likely ... a defendant would be prejudiced by error or misconduct." Id. The issue is whether it appears likely the conduct affected the jury's ability to perform its duty; i.e., to judge the evidence fairly. See United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990).
 
 
 21
 In the first of the two instances of prosecutorial misconduct alleged by Hanson, the government questioned two witnesses about their financial losses and previous involvement with Hanson and his company; the parties had agreed pretrial to exclude this information. The court ruled the testimony inadmissible, struck the testimony from the record, and issued a curative instruction to the jury. See Simtob, 901 F.2d at 806 ("Prompt and effective action by the trial court may neutralize the damage by admonition to the counsel or by appropriate curative instructions to the jury"). See also Nadler, 698 F.2d at 1001-02; Berry, 627 F.2d at 197-98.
 
 
 22
 In the second instance of alleged misconduct, the government questioned Hanson about his wealth, earnings, and investments. The district court sustained defense objections to these questions.
 
 
 23
 On the other hand, the government presented strong evidence in its case-in-chief that Hanson intentionally circumvented the Internal Revenue Service's currency transaction report (CTR) requirements, that he devised a plan involving several fellow employees to deposit $200,000 in amounts less than $10,000 to avoid the CTR requirement, and that he persuaded Pitner to aid him. We find, therefore, none of the prosecutor's errors materially affected the jury's verdict in light of the strength of the evidence against Hanson and the district court's admonitions and curative instructions.
 
 CONCLUSION
 
 24
 Based on the foregoing, we hold the district court did not err when it denied defendants' motions to sever. We further hold the district court satisfied the requirements of Fed.R.Crim.P. 32 at sentencing as to Hanson and did not err when it declined to grant Hanson a two-point offense level reduction for acceptance of responsibility.
 
 
 25
 We also hold the sentence as to Pitner must be vacated and the defendant resentenced in compliance with Rule 32.
 
 
 26
 AFFIRMED in part, REMANDED in part with instructions.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government filed a motion to strike Hanson's appeal of the district court's denial of his motion to sever and his allegations of prosecutorial misconduct. The government's motion was primarily based on the fact that Hanson failed to cite to specific portions of the record in support of his arguments in violation of 9th Cir.R. 28-2.8. In his response to the government's motion, Hanson attempted to correct these omissions. Hanson then filed an amended brief and supplemental excerpt of record in an effort to cure deficiencies in his opening brief; the amended brief did not present any new arguments
 This panel denies the government's motion to strike portions of Hanson's brief and addresses Hanson's arguments even though the government did not respond to these issues in its answering brief.
 
 
 [2]
 Pitner's three-month term of custody has been stayed pending appeal, and Hanson is on release pending appeal