979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo SALCIDO-ALCARAZ, Defendant-Appellant.
 No. 91-50831.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 16, 1992.
 
 Before WALLACE, C.J., and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfredo Salcido-Alcaraz appeals the sentence he received under the Sentencing Guidelines when he pled guilty to the crime of conspiracy to possess a controlled substance (heroin) with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988). The district court sentenced the appellant to 109 months imprisonment and to a term of four years supervised release. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742. We affirm.
 
 I. Breach Of The Plea Agreement
 
 3
 Appellant argues the government acted in bad faith and breached the plea agreement. He argues the government should have recommended he receive a two-point reduction from the base level offense for his acceptance of responsibility and that he should be sentenced at the low end of the guideline range.
 
 
 4
 Although a plea bargain is a matter of criminal jurisprudence, such an agreement is contractual in nature and must be measured by contract law standards. United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986). Appellant does not dispute the terms of the agreement. He admits that, under the plea agreement, he was to testify truthfully in order to receive the benefits of his plea agreement. Appellant argues, however, that he did testify truthfully and the government acted in bad faith when it determined that he had provided false and misleading testimony at trial.
 
 
 5
 Whether a term of the plea agreement was violated is a finding of fact which we review for clear error. Id. There was ample evidence to suggest the defendant lied, and therefore breached the plea agreement when he testified at trial. First, his trial testimony contradicted the statements he made immediately after arrest. Next, his trial statements conflicted with what he told the probation officer. Finally, a review of the transcript demonstrates that the prosecutor was surprised by the defendant's testimony on behalf of a co-defendant. It is unlikely that the prosecutor would enter into an agreement with the defendant to testify truthfully if the prosecutor had anticipated the defendant's damaging trial testimony on behalf of a co-defendant. The evidence shows the defendant lied either in trial or in his post-arrest statements. We defer to the trial court's judgment as to which time he was lying unless this finding was clearly erroneous.
 
 
 6
 At trial, Agent Marquez testified the appellant told him the appellant's co-defendant, Bernal-Obeso, brought 10 ounces of heroin from Los Angeles. Marquez further testified the appellant told him that Bernal-Obeso instructed Abel Alcaraz to get ten ounces of heroin from Bernal-Obeso's vehicle to send as a sample to the buyer. The informant, Diaz, also testified to the events as the appellant had described them to Agent Marquez. At trial, however, the appellant testified that Bernal-Obeso had no knowledge of the drug transaction and that Bernal-Obeso was only in El Centro on May 31, 1991 to discuss the graduation of Salcido-Alcaraz's daughter.
 
 
 7
 There was additional evidence of Bernal-Obeso's role in the deal which corroborated the appellant's post-arrest statements and thus, contradicted his testimony at trial. Agent Matus testified he had seen Abel Alcaraz retrieve an "object" from Bernal-Obeso's car. There were taped telephone conversations between the informant and Abel Alcaraz, in which Abel Alcaraz referred to a man called "El Negro" who was bringing ten "pieces" of heroin from Los Angeles. "El Negro" is Bernal-Obeso's nickname. Finally, Bernal-Obeso was apprehended while fleeing from a house where police later found 29 "pieces" of heroin.
 
 
 8
 We hold the trial court's finding that the appellant's testimony was not, "entirely consistent with what actually went on" was not clearly erroneous. Thus, the appellant had breached the plea agreement and was not entitled to receive the government's recommendations that the appellant receive a two-point reduction for the appellant's acceptance of responsibility and that the appellant be sentenced at the low end of the applicable guideline range.
 
 II. Acceptance Of Responsibility
 
 9
 Appellant argues the district court erred when it refused to grant him a two-point reduction from the base level offense for his acceptance of responsibility. Whether or not a defendant has accepted responsibility for his criminal conduct is a question of fact which we review for clear error. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 10
 Appellant urges that his plea of guilty and his truthful testimony about his involvement in the offense entitle him to the reduction. In United States v. Skillman, 922 F.2d 1370, 1378 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991), this court stated:
 
 
 11
 The intent of the Guidelines is to give credit to the defendant who manifests sincere contrition. Merely pleading guilty to a crime does not necessarily constitute the contrition required for the reduction.
 
 
 12
 Id. at 1378. Similarly, in United States v. Rosales we held:
 
 
 13
 Pleading to a reduced charge does not necessarily demonstrate an acceptance of responsibility. It is at least equally possible that the defendant has made a clever bargain. At no time did Rosales express remorse for his conduct. Accordingly, the district court properly denied Rosales an offense level reduction for acceptance of responsibility.
 
 
 14
 917 F.2d 1220, 1223 (9th Cir.1990). Thus, a finding of acceptance of responsibility requires a showing of remorse for the wrong committed.
 
 
 15
 Though the appellant pled guilty to the crime of conspiracy to possess a controlled substance (heroin) with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1988), he told the probation officer that he did not become involved in a heroin transaction and he never discussed putting a heroin transaction together. Moreover, at trial, he testified he did not know there was heroin at the house where he was arrested.
 
 
 16
 In the present case, the appellant's statements to the probation officer fall far short of an expression of remorse for his conduct. The district court's finding that the appellant did not accept responsibility for his crime and therefore did not deserve a two point decrease is not clear error. Accordingly, the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3