10 F.3d 809
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James VERDUCCI, Defendant-Appellant.
 No. 93-10069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 15, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The government honored its plea agreement with Verducci by repeatedly telling the court it was not seeking to enhance the sentence: both in writing, ER 21 ("[T]he United States will not argue in favor of the two point enhancement sought by the Probation Officer."), and orally, RT 1/21/93 at 7 ("The government did not take a position on the issue of whether there should be a two-point enhancement for reckless endangerment...."); id. at 8 ("[T]he one hundred and eighty-eight month range is based upon a position which I did not take because of the plea agreement recommendation ") (emphasis added).
 
 
 4
 When increasing defendant's sentence for "Reckless Endangerment During Flight" under U.S.S.G. Sec. 3C1.2, the trial court relied on at least one proper ground: A high-speed chase can be considered reckless endangerment, see United States v. Hernandez-Rodriguez, 975 F.2d 622, 626 (9th Cir.1992) ("[under] section 3C1.2 ... the offense level could be increased for a high-speed chase....").
 
 
 5
 Verducci argues that the trial court's second ground for finding reckless endangerment--concealing a capped syringe during a search--was not proper, since a capped syringe isn't dangerous. We are not so sure; after all, the cap might not cover the needle completely or it might fall off or break during the search.
 
 
 6
 However, we need not decide whether the capped needle constituted reckless endangerment because we would affirm the enhanced sentence even if it didn't. Though "[o]rdinarily, we would have to remand where one of the court's grounds for departure was invalid," United States v. McAninch, 994 F.2d 1380, 1389 (1993), we need not do so if "the reviewing court concludes, on the record as a whole ... that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 112 S.Ct. 1112, 1121 (1992). We so conclude here. The high-speed chase, in itself, justifies enhancement for reckless endangerment.
 
 
 7
 Finally, by "adopt[ing] the computations of the probation officer," RT 1/21/93 at 23, the sentencing court satisfied Fed.R.Crim.P. 32(c)(3)(D). United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (adoption of presentence report complies with Rule 32(c)(3)(D)).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3