30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CHOW, Defendant-Appellant.
 No. 93-50107.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 4, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 David Chow appeals his resentencing following his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Sec. 2255. Chow contends that the district court erred by failing to resolve three disputed factual matters in the presentence report (PSR) as required by Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 We review de novo the district court's compliance with Fed.R.Crim.P. 32. United States v. Maree, 934 F.2d 196, 199 (9th Cir.1991). Rule 32 requires the district court to make factual findings regarding any disputed issues in the PSR or determine that a finding is unnecessary because it will not consider the controverted matter at sentencing. Fed.R.Crim.P. 32(c)(3)(D). The court may satisfy Rule 32 requirements in any manner that fairly indicates the resolution of the controverted matters. United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 n. 4 (9th Cir.1990) (en banc). Accordingly, the district court may comply with Rule 32 by adopting the conclusions in the PSR. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 5
 Chow, acting pro se, and the government both submitted proposed orders modifying parts of the PSR. The district court held an extensive hearing regarding alleged inaccuracies in the PSR. The district court stated that its ruling would resolve "what the report should contain as far as what the probation officer relied upon as true, and therefore, possibly, the court." The district court reviewed the proposed orders on the record, stated that it would adopt both orders, and then indicated which portions of the orders it would modify, strike, or retain. The district court deleted from both orders proposed changes to the PSR involving the three alleged inaccuracies identified by Chow in this appeal.[1]
 
 
 6
 We hold that, by deleting the changes concerning the alleged inaccuracies from the proposed orders of Chow and the government, the district court simply chose to adopt the factual findings in the PSR. Having carefully considered the PSR, Chow's allegations of inaccuracy, and the changes to the PSR proposed by Chow and the government, the district court complied with Rule 32(c)(3)(d) when it chose to reject Chow's versions of the three alleged inaccuracies. See Fernandez-Angulo, 897 F.2d at 1516, 1517 n. 4; Rosales, 917 F.2d at 1222.
 
 
 7
 Chow also apparently contends that the district court violated Rule 32(c)(3)(D) by failing to forward its factual findings concerning the PSR to the Probation Department and the Bureau of Prisons.[2] The record is equivocal concerning whether the district court attached its written findings to the PSR as required by Rule 32. Therefore, we instruct the district court to transmit to the Probation Department and the Bureau of Prisons a new copy of the PSR with the required factual findings attached.[3] See Fernandez-Angulo, 897 F.2d at 1517 & n. 4 (district court's ministerial error of failing to append Rule 32 findings remedied by affirming sentence and ordering district court to attach its findings to the PSR in any manner which fairly indicates resolution of the controverted matters).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The first alleged inaccuracy in the PSR involves the characterization of Chow as a narcotics trafficker. Chow proposed instead that he be identified as "defendant David Chow." The second alleged inaccuracy is a description of the events underlying count three of the indictment, possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). According to the PSR, one of Chow's associates carried a metal box containing a kilogram of cocaine and removed the cocaine from the box during a drug sale to a confidential informant (CI). According to Chow's proposed order, the CI carried the box and the box was never opened. Chow's version also adds several inconsequential details. Notably, Chow never disputes that the box contained cocaine, that he arranged the sale, or that the deal was consummated. Finally, Chow alleged that the PSR was incorrect in its statement that Chow gave two vehicles to his parents
 
 
 [2]
 We do not address Chow's request for sanctions against the Bureau of Prisons or the Probation Department because Chow has not properly challenged the actions of these agencies. See, e.g., United States v. Doganiere, 914 F.2d 165, 169-70 (9th Cir.1990) (procedure for challenging manner of execution of sentence is through habeas corpus petition, pursuant to 28 U.S.C. Sec. 2241), cert. denied, 499 U.S. 940 (1991); 29 C.F.R. Secs. 2.17(c), 2.26(e)(4) (setting forth procedures for challenging accuracy of information considered by Probation Commission)
 
 
 [3]
 As to Chow's claim that the district court improperly denied his ineffective assistance of counsel claim as moot, Chow received the remedy he sought when the district court resentenced Chow and gave him the opportunity to object to the PSR. Accordingly, the claim is moot. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986)