98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander Selwyn WATKINS, Defendant-Appellant.
 No. 96-30040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 11, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander Selwyn Watkins appeals his 120-month sentence following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a). Watkins contends that the district court erred by enhancing his base offense level by four points pursuant to U.S.S.G. § 2K2.1(b)(5), because the government did not prove that the gun possession was connected to the sale of crack cocaine. Watkins also contends that this case should be remanded for resentencing before another judge because the court made no affirmative findings and the presiding judge was biased in favor of the government. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Watkins contends that the government failed to prove that his gun played a role in the alleged drug offense.
 
 
 4
 The government establishes the "possession" prong of U.S.S.G. § 2K2.1(b)(5) by showing that "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated--i.e., had some potential emboldening role--in a defendant's felonious conduct." United States v. Polanco, No. 95-50341, slip op. 10137, 10159 (9th Cir. Aug. 15, 1996) (quotation omitted). The government must prove possession by a preponderance of the evidence. Id. at 10160.
 
 
 5
 Here, Officer Ramsdell testified that he received a tip from a prospective cocaine buyer that a man on the corner of Sheridan and 25th Street dealt crack through a number of middle men, and described Watkins. When Ramsdell approached Watkins on the corner of Sheridan and 25th Street, Watkins began to walk away. When asked to stop, Watkins ran. Ramsdell noticed Watkins was holding a white piece of paper towel or napkin, when Ramsdell tackled Watkins. After handcuffing Watkins, Ramsdell noticed that the paper towel was gone. While conducting a patdown search, Ramsdell noticed a hard object in Watkins' front right pants pocket. Watkins admitted that it was a gun. After securing Watkins, Ramsdell retrieved the piece of paper towel, which contained thirteen pieces of crack cocaine.
 
 
 6
 Ramsdell also testified that, according to his training and experience, the amount of crack and the size of the rocks was consistent with distribution, not personal use. Finally, Ramsdell stated that he found $311.00 on Watkins.
 
 
 7
 Watkins carried a loaded gun on his person, while in possession of 3.2 grams of crack cocaine for suspected distribution. These facts, combined with the tip and Watkins' attempt to elude Officer Ramsdell, are sufficient to establish that the presence of the gun potentially emboldened Watkins to undertake illicit drug sales, since it afforded him ready means of compelling payment or of defending the cash and drugs in his possession. See id. at 10158-59. Because the government proved the "possession" prong of U.S.S.G. § 2K2.1(b)(5) by a preponderance, the district court did not err by enhancing Watkins' base offense level by four points. Id. at 10160.
 
 
 8
 Watkins contends that this case should be remanded because the district court did not make any factual findings as required by Federal Rule of Criminal Procedure 32(c)(1). This claim lacks merit.
 
 
 9
 Rule 32(c)(1) requires that the court afford the parties an opportunity to comment on the probation officer's recommendations in the presentence report. The sentencing judge must make a finding on all controverted matters, or determine that no finding is necessary because the controverted matter will not be taken into account in pronouncing the sentence. United States v. Guiterrez-Hernandez, No. 95-10188, 95-10195, slip op. 10809, 10813 (9th Cir. Aug. 28, 1996). The district court's express adoption of the conclusion of the presentence report satisfies Rule 32's requirement of findings and determinations in response to objection to the presentence report. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 10
 Here, the district judge adopted the factual findings and sentencing recommendation in the presentence report after hearing testimony on the facts. The court's decision thus complies with Rule 32 and Watkins' claim fails. See id.
 
 
 11
 Since we affirm Watkins' sentence, we will not address his claim that we should remand this case to a different judge.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3