103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto GAMEZ-GRANILLO, Defendant-Appellant.
 No. 96-50104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 18, 1996.
 
 1
 Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 After pleading guilty to possession of cocaine with intent to distribute, Defendant Alberto Gamez-Granillo appeals his sentence. He alleges his counsel ineffectively assisted him at sentencing and that the district court made insufficient findings to sustain the sentence. We affirm.
 
 
 4
 Direct review of ineffective assistance of counsel claims is appropriate if " 'the record is sufficiently developed to permit the reviewing court to resolve the issue....' " United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995) (quoting United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992)). Such a circumstance exists here.
 
 
 5
 To succeed on an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, 104 S.Ct. at 2068. See Siripongs v. Calderon, 35 F.3d 1308, 1313-14 (9th Cir.1994), cert. denied, 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1127 (1995).
 
 
 6
 Gamez-Granillo claims his counsel should have sought different application of the Sentencing Guidelines. Because there is no reasonable probability that the arguments would have succeeded if made, Gamez-Granillo's ineffective assistance claim fails.
 
 
 7
 The first argument Gamez-Granillo contends his counsel should have pursued was a minor participant adjustment pursuant to U.S.S.G. § 3B1.2. However, application of this adjustment is not appropriate in a single defendant case such as the one at bar. United States v. Walker, 993 F.2d 196, 200 (9th Cir.), cert. denied, 510 U.S. 902, 114 S.Ct. 276, 126 L.Ed.2d 227 (1993). Thus, there was no reasonable probability that this adjustment would have been given if requested.
 
 
 8
 Gamez-Granillo next contends that his counsel should have argued for a downward departure for a single act of aberrant behavior. Given Gamez-Granillo's prior convictions, the discovery of cocaine on his person at arrest, and the planning involved in the alleged enterprise, we conclude his behavior did not differ significantly from the "heartland" of similar cases pursuant to United States v. Eaton, 31 F.3d 789, 793 (9th Cir.1994). Therefore, there was no reasonable probability that the district court would have granted the downward departure if requested.
 
 
 9
 Finally, Gamez-Granillo contends his attorney should have asserted imperfect entrapment as a basis for downward departure. However, imperfect entrapment is only available as a potential basis for a downward departure when the case is tried, not where a defendant pleads guilty. United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1981); United States v. McClelland, 72 F.3d 717, 724-25 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1448, 134 L.Ed.2d 567 (1996); see United States v. Garza-Juarez, 992 F.2d 896, 912-13 (9th Cir.1993), cert. denied, 510 U.S. 1058, 114 S.Ct. 724, 126 L.Ed.2d (1994). Accordingly, there was no reasonable probability of this argument succeeding.
 
 
 10
 Gamez-Granillo claims the district court erred in failing to make findings of fact concerning acceptance of responsibility. Under 18 U.S.C. § 3553(c) a district judge is required "to state, in open court, its general reasons for its imposition of the particular sentence.... This requirement is satisfied by an explanation of how the district court determined the relevant guideline range." United States v. Lockard, 910 F.2d 542, 546 (9th Cir.1990). The district judge met this standard by explaining that the sentence was calculated using an offense level of twenty-six, a criminal history of II, and an acceptance of responsibility of two.
 
 
 11
 In United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990), we held that no further findings of fact were required in part because " '[t]he record at the sentencing hearing reflects no confusion on anyone's part as to what the district court decided.' " Id. (quoting United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (further internal quotation omitted)). There was no confusion at Gamez-Granillo's sentencing as to what the district court had decided on the acceptance of responsibility issue. Therefore, Gamez-Granillo is not entitled to resentencing on the basis of the district court's alleged failure to explain the sentence.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3