UNITED STATES of America,
Plaintiff–Appellee,

v.

Paul Anthony REYES, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Anthony Ray Tapia, Defendant–
Appellant.

No. 00–10036, 00–10041.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

In these consolidated appeals, Paul Anthony Reyes appeals his 21–month sentence imposed following his guilty plea to one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j), and Anthony Ray Tapia appeals his 57–month sentence imposed following his guilty plea to being a felon in possession of a firearm, in

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 21 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm both of the appellants' sentences.

Reyes contends that the district court erred when it denied his request for a downward adjustment under U.S.S.G. § 3B1.2 based on his minor role in the offense because he was in mere constructive possession of the firearm located in the car. We review for clear error the district court's refusal to grant a minor role reduction under U.S.S.G. § 3B1.2. *United States v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999).

■ Here, the district court's finding that the distinction between the actual and constructive possessors of the firearm did not warrant a minor role adjustment under U.S.S.G. § 3B1.2 was not clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (concluding that where there are two permissible views of the evidence and the choice of one by the district court cannot be clearly erroneous).

Tapia contends that the district court violated Fed.R.Crim.P. 32(c)(1) by failing to make sufficient findings regarding his motion for a downward departure based on an overrepresented criminal history.

■ Because the district court made an explicit finding that the downward departure was not warranted and there was no confusion as to what it had decided, the district court did not violate Fed.R.Crim.P. 32. *United States v. Rosales*, 917 F.2d 1220, 1222 (9th Cir.1990) (concluding that where the district court has made its decision clear, the district court has complied with Fed.R.Crim.P. 32), *overruled on other grounds, United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). Additionally, we

do not have jurisdiction to conduct a further review of the findings underlying the district court's decision not to depart because the district court chose not to do so as an exercise of its discretion. *United States v. Pinto*, 48 F.3d 384, 389 (9th Cir. 1995).

AFFIRMED.