**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Rowe LINVILLE, aka Patrick Robert Morris; Eddie Stewart Foster; Patrick Foster; Samuel Morrison; Lawrence David Brainard; John Davidson; Christopher Rowe Carson; and Chris Linville, Defendant–Appellant.**

**No. 01–10443.**
**D.C. No. CR–00–00266–RCC.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

552

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Christopher Rowe Linville appeals his 27–month sentence imposed following his guilty plea conviction for thirteen counts of mail fraud and two counts of using a fictitious name for the purpose of committing mail fraud, in violation of 18 U.S.C. §§ 1341 and 1342, respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Linville first contends that the district court erred by determining that the amount of loss was $9,022.00, for relevant conduct purposes under U.S.S.G. § 2F1.1(b)(1). He specifically argues that the amount of loss attributable to his acts was not proven by a preponderance of the evidence because the district court relied upon evidence contained in the presentence report ("PSR"), to which he objected. Reviewing for clear error, *United States v. Matsumaru*, 244 F.3d 1092, 1106 (9th Cir.2001), we are not persuaded.[1]

So long as the district court resolves any objections at the sentencing hearing, it may then adopt the PSR's factual conclusions. *See United States v. Rosales*, 917 F.2d 1220, 1222 (9th Cir.1990), *abrogated on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000). The record shows that the district court listened to arguments from both parties before overruling Linville's objections and adopting the PSR's findings. *See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000) (stating that the district court may rely on evidence presented in the PSR to find that the facts underlying an enhancement has been established), *cert. denied*, 531 U.S. 1172, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001).

Linville's second contention is that the district court erroneously applied a 2–level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Here too, we disagree. We review a determination of obstruction of justice for clear error, but review de novo whether a defendant's conduct constitutes an obstruction of justice. *United States v. Tidwell*, 191 F.3d 976, 982 (9th Cir.1999).

Linville argues that justice was not obstructed by his use of the false name, Patrick Robert Morris. However, providing materially false information to a judge or magistrate constitutes obstruction of justice, regardless if the falsehood actually obstructed justice. *See* U.S.S.G. § 3C1.1 n. 4(f) and (h); *United States v. Magana–Guerrero*, 80 F.3d 398, 401 (9th Cir.1996). Linville lied to a magistrate judge about his name at his detention hearing, preventing discovery of his true criminal history. Immediately after being placed under

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We disagree with the government's assertion that pursuant to *United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir.1995), Linville has waived this argument for failing to raise it in the district court. Upon review of the record, we conclude that Linville raised his objection with sufficient specificity to present it for appeal. *See id.*

oath, Linville also lied to the district court judge about his name. Accordingly, the district court properly adjusted Linville's offense level for obstruction of justice. *See Magana–Guerrero,* 80 F.3d at 401.

AFFIRMED.