**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Phillip RICO, Jr., Defendant–Appellant.**

No. 88–1286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1989.

Decided Feb. 5, 1990.

David Bettencourt, Honolulu, Hawaii, for defendant-appellant.

Michael K. Kawahara, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Phillip Rico, Jr. contends that the sentence he received, after pleading guilty to conspiring to distribute cocaine, violated his due process rights and failed to comply

with Federal Rule of Criminal Procedure 32 ("Rule 32"). We vacate the district court's sentence and remand for resentencing in compliance with Rule 32(c)(3)(D).

## FACTS

Rico pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846. Rico was given a sentence of twelve years incarceration. The district court also imposed a $50.00 assessment on him.

During his sentencing hearing, Rico's attorney objected to various parts of the presentence investigation report ("PSI") and the government's sentencing memorandum. As some objections were made, the district court stated he would not consider the contested matters. After other objections, however, the court merely stated "all right" or that the objection was "noted." The court did not make any finding as to the truth of the disputed matters in the presentence report and the sentencing memorandum, and did not state whether he would take these matters into account in sentencing Rico. The court did not make written findings at the time of sentencing, but subsequent to notice of this appeal the court ordered that the sentencing transcript be attached to the PSI pursuant to Rule 32(c)(3)(D).

## ANALYSIS

Rule 32(c)(3)(D) requires that if the defendant or his counsel alleges any factual inaccuracy in the PSI or any part of it, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." "When a district court confronts a challenge to the accuracy of information in a presentence report, it should explicitly state for the record either its finding regarding the challenge, or its decision not to take the matter controverted into account when imposing sentence." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984). Strict compliance with the rule is required, and failure to comply will result in remand. *United States v. Petitto,*

767 F.2d 607, 610 (9th Cir.1985); *United States v. Edwards*, 800 F.2d 878, 881 (9th Cir.1986).

Here, the sentencing judge's statements that the objections were "noted" and his "all right" acknowledgment that an objection had been made do not indicate whether he took the disputed matter into account when imposing sentence. These statements by the district court do not satisfy the requirements of Rule 32(c)(3)(D). Accordingly, remand for resentencing is required. However, on remand the district court need not make specific findings as to Rico's objections to information found only in the government's sentencing memorandum. By its own terms, Rule 32(c) applies only to the presentence report, including those portions of the sentencing memorandum that the report incorporates. *United States v. Salas*, 824 F.2d 751, 753 (9th Cir.), *cert. denied*, 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987); *United States v. Sharon*, 812 F.2d 1233, 1234 (9th Cir.1987). *But see United States v. Manotas–Mejia*, 824 F.2d 360, 368–69 (5th Cir.), *cert. denied*, 484 U.S. 957, 108 S.Ct. 354, 98 L.Ed.2d 379 (1987).

Although Rico did not raise the issue on appeal, this court has held that 18 U.S.C. § 3013, the statute providing for Rico's special assessment of $50.00, violates the origination clause of the Constitution, art. I section 7. *United States v. Munoz–Flores*, 863 F.2d 654, 661 (9th Cir. 1988), *cert. granted*, —— U.S. ——, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989). We may raise this issue *sua sponte. See Shah v. United States*, 878 F.2d 1156, 1163 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). Therefore, we must also remand for the district court to vacate the special assessment.

Because Rico will be resentenced, we do not reach his remaining arguments, all of which challenge the proceedings in which his sentence was imposed.

REMANDED for resentencing.