972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan SENDOYA-TRUJILLO, Defendant-Appellant.
 No. 92-50161.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided Aug. 11, 1992.
As Amended Oct. 30, 1992.
 
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER*, District Judge
 MEMORANDUM**
 Juan Sendoya-Trujillo appeals his sentence and the District Court's upward departure from the sentencing guidelines, based on §§ 3C1.2, reckless endangerment during flight; 5K2.14, public welfare; and 5K2.6, weapons and dangerous instrumentalities, following his guilty plea to transportation of persons illegally in the United States in violation of 8 U.S.C. § 1324(a)(1)(B).
 In his sentencing memorandum defendant interposed seven specific objections to facts in the presentence report. The District Court failed to rule on any of those objections or to make findings of fact or a determination that no such findings were necessary because the facts would not be relied on in sentencing. This failure violated Fed.R.Crim.P. 32(c)(3)(D). United States v. Fernandez-Aguillo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc ); United States v. Rico, 895 F.2d 602, 603 (9th Cir.1990). Rule 32(c)(3)(D) requires that, "If the [defendants] allege any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."
 An upward departure from the Sentencing Guidelines requires the District Court to identify "an aggravating circumstance of a kind or to a degree the [Sentencing] Commission did not adequately take into account when formulating the Guidelines." United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc ). The District Court must "include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing Reform] Act [of 1984, 18 U.S.C. §§ 3351, et seq. ] and [Sentencing] Guidelines." Id. at 751. The court below failed to identify any special circumstances not adequately taken into account by the Sentencing Commission, and failed to include a reasoned explanation of the departure sentence. For example, the court relied on U.S.S.G. § 3C1.2 to justify an upward departure. That Guideline provides for a two-level increase in the offense level for defendants who recklessly endanger others during flight. Trujillo conceded that § 3C1.2 was applicable, and the two-level increase was taken into account in reaching a Guideline range of 6-12 months. In particular, the Court relied in part in U.S.S.G. § 3C1.2 to justify an upward departure, without finding that the defendant's degree of culpability was something beyond ordinary recklessness. See U.S.S.G. 3C1.2, comment (n.2) (departure may be warranted where higher degree of culpability is involved). This was error.
 The sentence is reversed and the case remanded to the District Court for re-sentencing in accordance with the requirements of Rule 32(c)(3)(D) and the requirements of Lira-Barraza, 941 F.2d at 746.
 REVERSED AND REMANDED
 
 
 
 *
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3