980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hilario CHAVEZ-ADRIAN, Defendant-Appellant.
 No. 92-30022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 24, 1992.
 
 Before HUG, and POOLE, Circuit Judges, and PRO, District Judge.**
 MEMORANDUM***
 Facts
 On October 7, 1989, Appellant Hilario Chavez-Adrian ("Chavez"), a convicted felon, purchased a J.C. Higgins model 60, 12 guage shotgun from Idaho Coin Galleries, a gun dealer in Twin Falls, Idaho. In conjunction with this purchase, Chavez filled out and signed an ATF Form 4473 firearm transaction record. On this form, Chavez falsely answered "no" to question number 8(b) which asked if he had ever been convicted of a felony.
 On December 10, 1989, while near Boise, Idaho, a police officer stopped Chavez for speeding. After being unable to produce a driver's license and failing a field sobriety test, the officer attempted to place Chavez under arrest. Chavez, however, broke away and successfully fled the scene. A subsequent search of Chavez's vehicle produced two shotguns. It was later discovered that one of these guns, a 22 gauge Remington 870 shotgun, was stolen from a residence earlier that same day.
 One week later, on December 17, 1989, while near Nampa, Idaho, Chavez was in the back seat of a vehicle which was stopped by an Idaho sheriff. After being pulled over, Chavez immediately alighted from the car and escaped into the night. A subsequent search of this vehicle revealed a jacket in the back seat which contained an Ithaca .45 caliber handgun which had been stolen in the same burglary as the Remington shotgun discovered in Chavez's car one week earlier.
 On May 16, 1991, Chavez was indicted in the District of Idaho. On October 22, 1991, a jury found Chavez guilty of all crimes charged in the indictment including: count one, a violation of 18 U.S.C. § 922(a)(6) for misrepresenting the fact that he was a convicted felon when purchasing the J.C. Higgins model shotgun; count two, a violation of 18 U.S.C. § 922(g)(1) for being an ex-felon in possession of the J.C. Higgins model shotgun; count three, a violation of 18 U.S.C. § 922(g)(1) for being an ex-felon in possession of the two shotguns seized on December 10, 1989; and count four, a violation of 18 U.S.C. § 922(g)(1) for being in possession of the Ithaca .45 caliber handgun.
 On January 10, 1992, the district court denied the government's motion for upward departure and sentenced Chavez to a term of 33 months in prison to be followed by a 3 year term of supervised release. The sentence imposed by the district court was within the applicable Sentencing Guideline range. In setting Chavez's sentence, the district court noted that: (1) Chavez had a history of repeated violations of the law; (2) Chavez's flight from the police stop on December 17, 1989, was made with the knowledge that he was wanted by the police for violating the law when he fled police custody the previous week; (3) Chavez's objections to the Presentence Report were minor and did not significantly weigh against the findings of the Presentence Report; and (4) the factual and legal findings of the Presentence Report and the Addendum prepared in response to Chavez's objections were adopted by the district court. See E.R. 33-42.
 Standard of Review
 Although we review the district court's factual findings for clear error, interpretation of the Sentencing Guidelines is a legal question and is reviewed under a de novo standard. United States v. Helmy, 951 F.2d 988, 994 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2287 (1992). This Court must, however, give "due deference" to the district court's application of the Guidelines to the facts. 18 U.S.C. § 3742(e).
 Discussion
 Chavez essentially raises three arguments in favor of resentencing. The crux of Chavez's first argument is that by merely adopting the findings of the Presentence Report and Addendum, the district court failed to properly address defendant's objections thereto in violation of Fed.R.Crim.P. 32. See Appellant's Brief, at 4-14. Secondly, Chavez asserts that the district court erred in determining his criminal offense level to be 16. See Appellant's Brief, at 6, 9. Finally, Chavez argues that the Presentence Report was subjective and contained several prejudicial facts which rendered his sentence unfair. See Appellant's Brief, at 14-15.
 A. Application of Rule 32
 This Court has held that when a defendant challenges the accuracy of information in a Presentence Report, the district court should explicitly state for the record either its finding regarding the challenge or its decision not to take the controverted matter into account when imposing sentence. See Fed.R.Crim.Pro. 32(c)(3)(D); United States v. Rico, 895 F.2d 602, 603 (9th Cir.1990). Failure to do so constitutes grounds to remand a case to the district court for resentencing. Id. We have also held, however, the a district court meets the requirements of Rule 32 if it explicitly adopts the conclusions in a Presentence Report. See, United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990); United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 It is evident that at the Chavez sentencing hearing the district court reviewed the Presentence Report, Chavez's objections, and the responding Addendum prepared by the Department of Probation. Furthermore, in adopting the Presentence Report and Addendum, the district court specifically found that Chavez's objections did not raise any significant questions with respect to the central findings and recommendations of the Presentence Report. See E.R. 38-39. Although Chavez might disagree with the ultimate sentencing determination made by the district court, it is clear from the record that the district court considered his objections and specifically rejected them. Accordingly, Chavez is not entitled to relief pursuant to Rule 32(c)(3)(D).
 B. Defendant's Criminal Offense Level Computation
 A second argument raised by Chavez is that the district court erred in adopting the Guidelines range as calculated by the Presentence Report. See Appellant's Brief, at 6, 9.
 According to the Presentence Report and Addendum adopted by the district court, Chavez's total offense level was 16 and his criminal history category III.[1] Based on this calculation, the district court sentenced Chavez within the applicable Guideline range to 33 months in prison.
 Chavez does not dispute the fact that his base offense level was 12 or that his criminal history score was III. See E.R. 70-71. In addition, as conceded by Chavez himself at the sentencing hearing and confirmed by the jury verdict on count four, no real dispute can be said to exist with regard to the fact that a two point upward adjustment for possession of a stolen weapon was correct. See U.S.S.G. § 2K2.1(b)(2); E.R. 19, 25-26, 31-32. The only objections raised by Chavez regarding the determination of his offense level are whether the district court properly added two points for obstruction of justice and whether the district court erred in denying Chavez a two point reduction for acceptance of responsibility.
 
 
 1
 Under the Guidelines, if a "defendant willfully obstucted or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing" of his or her offense, the defendant's base offense level should be enhanced by two points. See U.S.S.G. § 3C1.1. Although mere flight in the immediate aftermath of a crime does not normally constitute obstruction of justice, where there are other facts which suggest that the defendant willfully "attempted to escape justice and not just the scene of a crime," a two point enhancement under U.S.S.G. § 3C1.1 is appropriate. United States v. Mondello, 927 F.2d 1463, 1466-1467 (9th Cir.1991); see also, United States v. Garcia, 909 F.2d 389, 391-392 (9th Cir.1990). A district court's finding that a defendant obstructed justice is a factual conclusion which we review for clear error. Mondello, 927 F.2d at 1465.
 
 
 2
 The district court found that although Chavez's flight from the scene of his traffic stop on December 10, 1989, may have been caused by the excitement of the moment, the circumstances surrounding Chavez's second escape on December 17, 1989, were entirely different. As to the second flight from the police, the district court found that Chavez knew he was a convicted felon; that he was not supposed to be in the possession of the guns found by the police in his vehicle on December 10; that he had escaped from the police just one week prior to December 17; and that Chavez knew that the police were still trying to locate him. Such findings are consistent with both the evidence adduced at trial and the findings of the Presentence Report and are not clearly erroneous. See E.R. 34-35, 52-53, 175-187. Accordingly, the district court did not err in awarding a two point upward adjustment for obstruction of justice.
 
 
 3
 The Guidelines also provide that "if a defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct," the sentencing court may reduce the offense level by two points. U.S.S.G. § 3E1.1. A defendant has the burden of demonstrating acceptance of responsibility. Rosales, 917 F.2d at 1222. The district court, having found that Chavez had obstructed justice, must also find that "extraordinary circumstances" exist in order to justify a downward adjustment for personal responsibility. United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991), abrogated on other grounds, No. 90-50280, Slip Op. at 11070, n. 1, (9th Cir.1992). Further, a district court's finding that a defendant failed to demonstrate personal responsibility is a factual finding subject to review under clear error, and will not be disturbed "unless it is without foundation." Rosales, 917 F.2d at 1222.
 
 
 4
 The only argument advanced by Chavez in support of the two point reduction for acceptance of personal responsibility is that he reasonably believed that he needed the weapons to protect himself. See Appellant's Brief at 9; E.R. p. 28-32, 70-71. Such an assertion, though it might explain Chavez's actions, does not show that he had affirmatively accepted personal responsibility for his crimes. Likewise, Chavez offered no facts which would support a finding that "extraordinary circumstances" existed so as to mitigate the effect of his obstruction of justice. Accordingly, this Court finds the district court's denial of a downward adjustment for acceptance of responsibility was not clearly erroneous.
 
 
 5
 C. Was the Presentence Report Subjective and Prejudicial?
 
 
 6
 Chavez's final assertion of error is that the Presentence Report ultimately adopted by the district court was so prejudicial and subjective that it tainted the district court's sentence. More specifically, Chavez argues that the Presentence Report unnecessarily repeated the same criminal conduct several times; that it improperly cited his juvenile record; and that it contained unreliable and prejudicial information relating to his intelligence and mental health. See Appellant's Brief at 14-15.
 
 
 7
 A review of the Presentence Report reveals nothing other than an objective reporting of Chavez's criminal history and personal characteristics. Where applicable, the Presentence Report relates which facts the author believes were unconfirmed. See E.R. p. 55, 59. Furthermore, the district court stated at the sentencing hearing that the information regarding Chavez's juvenile record was used solely to evaluate his character and personal history. See, E.R. p. 39. The Court concludes that the Presentence Report adopted by the district court was objective and the facts of which Chavez complains were clearly relevant to the it's sentencing decision. See U.S.S.G. § 1B1.4. Finally, nothing in the record suggests that the district court relied upon any prejudicial information in sentencing Chavez. See, United States v. Rodriquez-Razo, 962 F.2d 1418, 1424-25 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Philip Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Presentence Report arrived at an offense level of 16 by setting Chavez's base offense level at 12, adding two points pursuant to U.S.S.G. § 2K2.1(b)(2) for being in the possession of the stolen Ithaca .45 caliber handgun, and adding two points pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. In addition, the presentence report recommended to the court that Chavez's behavior did not warrant a two point downward adjustment for acceptance of responsibility. See E.R. 53-54