125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eligio RAMIREZ-MORALES, Defendant-Appellant.
 No. 96-50600.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 7, 1997. Decided Oct. 7, 1997.
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding.
 Before Hall, T.G. Nelson, Circuit Judges, and Winmill, District Judge.**
 MEMORANDUM*
 Appellant Eligio Ramirez-Morales challenges his sentence of thirty-three months in custody and a $1,500 fine for importing marijuana. More specifically, Ramirez appeals the district court's (1) imposition of a fine; (2) finding that an upward adjustment was warranted for obstruction of justice; (3) refusal to hold an evidentiary hearing; (4) failure to resolve factual disputes and make written findings; and (5) refusal to make a downward adjustment for acceptance of responsibility. We affirm.
 1. Obstruction of Justice
 The district court gave Ramirez a two-level upward adjustment for obstruction of justice under Guideline § 3C1.1, finding that he lied about his wife's involvement in the importation scheme. Ramirez had made statements to the arresting officers, and later to the probation officer preparing the presentence report, that his wife knew nothing of the marijuana.
 In this appeal, Ramirez contends that the district court improperly relied on the report of an Immigration and Naturalization Service (INS) agent to conclude that his wife had confessed and that he was therefore lying when he exonerated her. The INS agent's report was attached to the sentencing brief of the Government. The report was contained on a pre-printed INS form titled "Record of Excludable Alien," and contained the agent's notes of his interview with Ms. Ramirez on the day she was arrested, December 8, 1995. Those notes state that Ms. Ramirez confessed that she and her husband (1) purchased a van for the purpose of transporting marijuana; (2) smuggled marijuana five different times within the last year; and (3) received $2,000 per shipment.
 Ramirez takes issue with the district court's reliance on an unsworn INS agent's report. He also contends that even if his statement was false, it was not "materially false" as required by § 3C1.1.
 The Government must prove obstruction of justice by a preponderance of the evidence. See United States v. Torres, 81 F.3d 900, 903 (9th Cir.1996). A district court's factual findings concerning defendant's obstruction of justice are reviewed for clear error. See United States v. Khany, 36 F.3d 77, 79 (9th Cir.1994). The legal conclusion that defendant's conduct constituted an obstruction of justice within the terms of the Sentencing Guidelines is reviewed de novo. See United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir.1993).
 
 
 1
 Obstruction of justice is established under Guideline § 3C1.1 "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense ..." The district court relied on the INS agent's report to find that Ramirez was lying about his wife's involvement, and hence was obstructing justice, because his wife had confessed.
 
 
 2
 Although the report contained double hearsay, Guideline § 6A1.3(a) allows the district court to "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." The report was reliable on its face because it appeared to be prepared by an INS agent in the course of his official duties. We have previously affirmed a district court's reliance on hearsay contained in an investigative report of a Secret Service agent. See United States v. Bums, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 3
 Ramirez introduced nothing to challenge the INS agent's report. "A defendant challenging information used in sentencing must show that such information is ... false or unreliable...." United States v. Fulton, 987 F.2d 631, 633 (9th Cir.1993). During the sentencing hearing, however, Ramirez's counsel did make a request for an evidentiary hearing. The district court denied the request as untimely.
 
 
 4
 We review the denial of an evidentiary hearing for abuse of discretion. See United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert denied, 508 U.S. 929 (1993). The Guidelines provide that in the event of a reasonable dispute about important sentencing factors, "the court must ensure that the parties have an adequate opportunity to present relevant information." U.S.S.G. § 6A1.3. While written statements of counsel and affidavits "may be adequate under many circumstances," an evidentiary hearing "may sometimes be the only reliable way to resolve disputed issues." Id.
 
 
 5
 While Ramirez requested an evidentiary hearing, he made no offer of proof. The context of his discussion with the district court indicates that he apparently wanted to introduce evidence regarding Ms. Ramirez' statements. But in the absence of an offer of proof, we do not know who he intended to call as witnesses and what testimony he expected to elicit from them. "To preserve an issue for review requires an offer of proof and the making of a record." United States v. Bagley, 837 F.2d 371, 375 (9th Cir.), cert. denied, 488 U.S. 924 (1988). Ramirez has failed to make his record.
 
 
 6
 In addition, "[a] district court may permissibly deny a hearing where a defendant is allowed to rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs." See United States v. Sarno, 73 F.3d 1470, 1502-03 (9th Cir.1995), cert.denied, 116 S.Ct. 2555 (1996). Here, Ramirez had a full opportunity to submit written briefs and make oral argument. The denial of an evidentiary hearing was not an abuse of discretion.
 
 
 7
 Finally, Ramirez argues that even if his statements about his wife's involvement were false, they were not "materially false" as required by § 3C1.1. He contends that "there never was a potential for an obstruction of justice, because the Government allegedly received Ms. Ramirez' confession the very same day of the arrest, and chose not to charge her." See Appellant's Brief at 8.
 
 
 8
 But Ramirez repeated the falsehood to the probation officer preparing the presentence report. By exonerating his wife, Ramirez could have influenced the probation officer's Guideline calculation. Guideline § 3B1.4 provides for a two-level enhancement if the defendant used children under the age of eighteen to avoid detection. When Ramirez was arrested, three of his children were with him and his wife in the van. The INS agent's report describes the children as minors. Before the sentencing hearing, it was at least arguable that § 3B1.4 applied to Ramirez and might be used to increase his base offense level. His children would look more like decoys if his wife was a knowing accomplice.
 
 
 9
 Furnishing false statements to a probation officer in the course of the preparation of a presentence report may provide a basis for finding an obstruction of justice. See U.S.S.G. § 3C1.1 Application Note 1(e). A misrepresentation to a probation officer could be material even if it did not actually cause an inaccurate Guideline calculation. See United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990). It is enough that the defendant's lies "had the potential" or "could have" misled the probation officer. Id. (emphasis in original). In the present case, Ramirez' false exoneration of his wife could have mislead the probation officer.[1] The district court's factual findings are not clearly erroneous, and its legal conclusion that Ramirez' conduct constituted obstruction of justice under Guideline § 3C1.1 is correct.
 
 2. Acceptance of Responsibility
 
 10
 Ramirez contends that he is entitled to a two-level downward adjustment for accepting responsibility under Guideline § 3E1.1(a) because he confessed as soon as he was caught. The district court denied the adjustment on the ground that Ramirez' conduct in obstructing justice was inconsistent with a finding that he had accepted responsibility.
 
 
 11
 A district court's determination of whether an adjustment for acceptance of responsibility is appropriate is reviewed for clear error. See United States v. Hopper, 27 F.3d 378, 381-82 (9th Cir.1994). A finding that the defendant has obstructed justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, Application Note 4. There may be, however, "extraordinary cases" where the defendant has accepted responsibility even where he is also guilty of obstructing justice. Id. A case is extraordinary when the "defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility. Cases in which obstruction is not inconsistent with an acceptance of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice." Hopper, 27 F.3d at 383 (emphasis in original) (citations omitted).
 
 
 12
 In the present case, Ramirez lied to the arresting officers about his wife's involvement. He could have abandoned this attempt to obstruct justice by telling the truth to the probation officer, but instead he repeated the lie. Therefore, this is not an extraordinary case. "[A] defendant should never receive an offense level reduction for acceptance of responsibility when there is obstructive conduct contradicting that acceptance of responsibility." Id. The district court's finding that Ramirez did not accept responsibility is not clearly erroneous.
 
 3. Fine
 
 13
 Ramirez objects to the $1,500 fine, claiming that the district court ignored the presentence report's conclusion that he could not afford a fine. A district court's determination that a defendant has an ability to pay a fine is reviewed for clear error. See United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir.1993), cert. denied, 511 U.S. 1006 (1994). The Guidelines provide that a fine shall be imposed "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(e). The defendant has the burden of proving that he cannot pay a fine. See United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991). Before imposing any fine, the district court must consider the factors set out in Guideline § 5E1.2(d) and 18 U.S.C. § 3572(a). Those factors include (1) the need to provide just punishment; (2) the defendant's financial ability to pay the fine; and (3) the burden that the fine places on the defendant and his dependents relative to other punishments.
 
 
 14
 The district court initially found that Ramirez did not have the ability to pay a fine. But when reminded of the seizure of the $1,542, the district court reversed itself and found that Ramirez had the ability to pay a $1,500 fine.
 
 
 15
 The district court is not required to explicitly state its conclusion as to each factor listed in § 5E1.2(d) and 18 U.S.C. § 3572. See United States v. Eureka Laboratories, Inc., 103 F.3d 908, 913 (9th Cir.1996). "Rather, if the record, taken as a whole, indicates that the trial court considered the section 3572 factors, the trial court's findings are adequate." Eureka, 103 F.3d at 913-14.
 
 
 16
 The record in this case shows that the district court did consider the required factors. The district court's conclusion that the defendant could afford to pay a $1,500 fine was not clearly erroneous in light of the $1,542 found on Ms. Ramirez at the time of her arrest. The objection to the fine is therefore without merit.
 
 4. Resolution of Factual Disputes
 
 17
 Ramirez asserts that the district court failed to resolve the factual dispute over whether Ramirez' wife confessed, and also failed to make written findings. Fed.R.Crim.P. 32 requires that the district court resolve any objections to the presentence report and attach a written record of the findings to any copy of the presentence report sent to the Bureau of Prisons. Here, however, appellant did not object to the findings in the presentence report, but rather objected to the government's sentencing recommendations.[2]
 
 
 18
 Rule 32 requires the court to "give the defendant and the defendant's counsel a reasonable opportunity to comment" on the information in the presentence report and any additional information relied on by the court. Fed.R.Crim.P. 32(c)(3)(A). However, "the district court need not make specific findings as to [a defendant's] objections to information found only in the Government's sentencing memorandum." United States v. Rico, 895 F.2d 602, 603 (9th Cir.1990). The district court complied with Rule 32 by allowing both sides to comment on appellant's wife's statements and by finding credible the report that his wife had confessed. The district court's judgment is
 
 
 19
 AFFIRMED.
 
 
 
 **
 The Honorable B. Lynn Winmill, District Judge for the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [1]
 The district court did not specifically rely upon this line of reasoning. Nevertheless, we may affirm the district court's action on any ground finding support in the record. See Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994), cert. denied, 514 U.S. 1024 (1995). It is a legal question whether Ramirez' lie to the probation officer constituted obstruction of justice under § 3C1.1. See Acuna, 9 F.3d at 1444. We have held that the district court is not required to make specific findings on the legal question of whether certain conduct constitutes obstruction of justice. See United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 498 U.S. 961 (1990). Therefore, our review is not limited by the district court's stated reasons for finding obstruction of justice
 
 
 [2]
 In any event, failure to prepare written statements is only a technical violation of Rule 32 and does not require resentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc)