**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rex Frasier DARLING, Defendant–Appellant.**

No. 00–50626.

D.C. No. CR–00–1845–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Oct. 24, 2001.

Before HALL and TROTT, Circuit Judges, and WINMILL, District Judge.*

* The Honorable B. Lynn Winmill, Chief Judge for Idaho District Court, sitting by designation.

## MEMORANDUM **

Rex Fraiser Darling was convicted of one count of aiding and abetting bringing an illegal alien to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (2000) and 18 U.S.C. § 2 (2000), and one count of transporting an illegal alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The district court sentenced Darling to thirty-six months in prison on the first count and thirty-three months on the second, with the sentences to run concurrently.

We have jurisdiction over Darling's timely appeal pursuant to 28 U.S.C. § 1291 (2000) and 18 U.S.C. § 3742 (2000), and we AFFIRM. Because the parties are familiar with the facts of this case, we recount them here only where necessary to explain our decision.

### A. Aiding and Abetting Liability Under § 1324(a)(2)

Darling initially argues that the government cannot charge a defendant as an aider and abettor under § 1324(a)(2). We reject this argument for the reasons discussed in *United States v. Angwin*, 263 F.3d 979 (9th Cir.2001).

### B. Sufficiency of the Evidence

Darling next argues that there was insufficient evidence of "private financial gain" to permit his conviction under 8 U.S.C. § 1324(a)(2)(B)(ii).

When a defendant challenges the sufficiency of evidence against him, we review the evidence in a light most favorable to the government and must determine whether any rational trier of fact could

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Pacheco–Medina*, 212 F.3d 1162, 1162 (9th Cir.2000). We conclude that there was plenty of evidence to convict Darling of aiding and abetting bringing an illegal alien to the United States for financial gain.

Customs agents stopped Darling at the United States–Mexico border driving a 1971 pickup truck. Upon inspecting the cab of the truck, the agents discovered a specially constructed compartment which extended into a modified floor extension. This compartment was bolted closed and could only be opened from the outside. When the agents opened the compartment, they discovered Gabriel Covarrubias–Jiminez, an undocumented alien.

Covarrubias–Jiminez testified at Frasier's trial that while he was in Tijuana, Mexico, he made arrangements with a man (not Darling) to be smuggled into the United States. Covarrubias–Jiminez told the jury that he agreed to pay $1800 once he arrived in Los Angeles.

This evidence, taken in the light most favorable to the government, is sufficient to support the jury's verdict that Darling aided and abetted another in bringing Covarrubias–Jiminez to the United States for financial gain, in violation of § 1324(a)(2)(B)(ii). *See* 8 U.S.C. § 1324(a)(2)(B)(ii) (making it unlawful for "[a]ny person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to ... the United States, brings to ... the United States ... such alien ... for the purpose of commercial advantage or private financial gain"); *see also United States v. Barajas–Montiel*, 185 F.3d 947 (9th Cir.1999) (upholding conviction under similar circumstances).

## C. Minor Participant

■ Darling finally argues that he should have been awarded a minor participant downward adjustment. *See* U.S.S.G. § 3B1.2 (2000).

We review for clear error the district court's determination that Darling did not qualify for a minor participant downward adjustment. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000). The district court had ample basis for denying Darling a minor participant downward adjustment.

A defendant is eligible for a downward adjustment as a "minor participant" if he proves by a preponderance of evidence that he is "less culpable than most other participants...." U.S.S.G. § 3B1.2, cmt. n. 3. Here, although Darling may not have been the ringleader of the smuggling organization, there was ample evidence to negate Darling's claim that he was less culpable than most other participants. *See United States v. Torres*, 81 F.3d 900, 902 (9th Cir.1996) (rejecting minor downward adjustment even though defendant was not ringleader of organization). First, Darling was the sole driver of the truck transporting Covarrubias–Jiminez, an undocumented alien, into the United States. Second, Covarrubias–Jimenez was secreted in a hidden compartment below Darling's seat. The compartment was bolted closed and could only be opened from the outside. Finally, Covarrubias–Jimenez testified that he was supposed to pay his smugglers after he was successfully smuggled into the United States. Based on these facts, we find that the district court had ample basis for denying Darling a minor role downward adjustment.

AFFIRMED.