UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Eugene FLENNORY,
Defendant–Appellant.

No. 01–30125.

D.C. No. CR–00–0007–KI.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Richard Eugene Flennory appeals his 151–month sentence imposed following a guilty plea conviction to bank robbery, in violation of 18 U.S.C. § 2113. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Flennory contends that the district court erred in concluding that he was a career offender pursuant to U.S.S.G. § 4B1.1. We review de novo a district court's determination that a defendant is a career offender. *See United States v. Casarez–Bravo*, 181 F.3d 1074, 1076 (9th Cir.1999).

■ Flennory first contends that the district court erred by qualifying his 1993 Washington conviction for delivery of marijuana as a predicate conviction because

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

even though it constitutes a felony under Washington law, it should be treated as a misdemeanor pursuant to 21 U.S.C. § 844, as his state offense allegedly involved a small amount marijuana for no remuneration. We disagree for the following reasons.

The language of section 4B1.2 expressly states that "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the ... distribution, or dispensing of a controlled substance ..." U.S.S.G. § 4B1.2(b). Flennory was convicted of delivery of marijuana in state court and sentenced to 17 months imprisonment. We therefore conclude that the district court correctly decided that Flennory's 1993 conviction qualifies as a predicate felony conviction because "[a] prior felony conviction used to establish career offender status may stem from an offense under state law, so long as the offense is punishable by death or imprisonment for a term exceeding one year." *United States v. Gallegos–Gonzalez*, 3 F.3d 325, 329 (9th Cir.1993).

██ Flennory further contends that the district court erred in qualifying his 1988 California conviction for attempted robbery as a predicate conviction, because the government failed to prove by a preponderance of the evidence that the conviction is crime of violence. *See United States v. Torres*, 81 F.3d 900, 903 (9th Cir.1996). Because Flennory failed to raise this objection before the district court, we review for plain error. *See United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir.2001). Here too, we disagree.

We conclude that the district court's determination that Flennory's 1988 convic-

tion is a predicate conviction pursuant to U.S.S.G. § 4B1.1 was not plain error because the language of California Penal Code § 211 ("Robbery") and § 664 ("Attempts") clearly establishes that Flennory's conduct constituted a crime of violence. *See Jimenez*, 258 F.3d at 1126–27 (stating that the district court's reliance upon a presentence report that contained no reference to the statute of conviction did not prejudice defendant's substantial rights because conduct in violation of California Penal Code § 273.5 ("Willful Infliction of Corporal Punishment") constituted an aggravated felony).

AFFIRMED