**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Otis Charles HENDERSON,
Defendant—Appellant.**

No. 05–50350.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed July 18, 2007.

U.S. Attorneys Office, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin P. Lechman, Esq., San Diego, CA, for Defendant–Appellant.

Before: TROTT and RAWLINSON, Circuit Judges, and KING *, Senior Judge.

## MEMORANDUM **

Otis Charles Henderson (Henderson) appeals his conviction and sentence, pursuant to a guilty plea, for violating 21 U.S.C. §§ 841 and 846.

1. Any error regarding the possible application of 21 U.S.C. § 862a was not "so clear cut, so obvious, that a competent district judge should [have] be[en] able to avoid it without benefit of objection." *United States v. Brigham,* 447 F.3d 665, 669 (9th Cir.2006) (alteration and footnote reference omitted).[1] The evidence against Henderson was sufficiently "overwhelming" and he did not even bargain for the minimum sentence. *See United States v. Valensia,* 299 F.3d 1068, 1075 (9th Cir. 2002) (citation omitted).

█ 2. The district court did not plainly err in finding a sufficient factual basis that Henderson entered into an agreement with bona fide conspirators, given Henderson's reference to participants other than the government agent and the informant. *See United States v. Garcia,* 151 F.3d 1243, 1245 (9th Cir.1998).

█ 3. The district court did not plainly err in finding a sufficient factual basis to support a drug amount in excess of 50 grams, and that this amount was either within the scope of the agreement, or reasonably foreseeable to Henderson. Henderson not only admitted ample facts upon which the district court could make its determination, but the exact language of the required elements was read to him, and he agreed that the elements were satisfied.

█ 4. "We require strict compliance with Rule 32 . . ." *United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir. 1991) (citation omitted). Although the district court need not resolve objections to facts it will not consider, it must at least specify which objections it considers relevant, and resolve those objections. *See id.* The district court's notation that *"many* of [the objections] I am not taking into consideration in the sentencing of Mr. Henderson" does not sufficiently indicate which objections the court considered relevant. Additionally, the court's discussion of "the specific objections that have been brought that are the *most* pertinent . . ." indicates that the court also considered other objections. We are thus left without the clarity required by Rule 32. *See United States v. Rico,* 895 F.2d 602, 603 (9th Cir.1990). Remand for resentencing is required. *See United States v. Carter,* 219

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Henderson's contention that his failure to object should not result in plain error review, because he "had no opportunity to object because he was unaware through no fault of his own of the error until appellate counsel was appointed" is unavailing. *See United States v. Vonn,* 535 U.S. 55, 59, 73 & n. 10, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

F.3d 863, 865–66 (9th Cir.2000).[2]

SENTENCE VACATED and RE-MANDED for resentencing consistent with this disposition. CONVICTION AFFIRMED.

2. To the extent Henderson challenges the district court's finding that there was no sentencing entrapment, we find no error. The district court reviewed the record thoroughly and cited ample evidence indicating that Henderson was predisposed to sell the larger amount of drugs.